## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: |
| | ) | |
| MAGIC BURGERS, LLC, a foreign | ) | |
| Limited liability company d/b/a | ) | |
| BURGER KING, and | ) | |
| SUN HOLDINGS, INC., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | / | |

### PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff ROY SMITH ("Plaintiff" or "Smith"), files his Complaint against Defendant, MAGIC BURGERS, LLC, a foreign Limited liability company d/b/a BURGER KING ("Magic Burgers") and SUN HOLDINGS, INC. ("Sun Holdings"), collectively referred to as ("Defendants"), and in support he states the following:

### NATURE OF THE CLAIMS

1.  This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendants' unlawful employment practices against Plaintiff including Defendants' unlawful discrimination, sexual harassment, and retaliation against Plaintiff because of his sex and disability.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADA.

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendants' unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5.      Plaintiff, Smith, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Volusia County, Florida.

6.      Defendant, Magic Burgers, LLC, is a Foreign Limited Liability Company with its principal place of business in Dallas, Texas and is a subsidiary of Sun Holdings, LLC.

7.      Defendant, Magic Burgers, LLC, operates a Burger King franchise chain in this judicial district at which Plaintiff is employed.

8.      Defendant, Sun Holdings, Inc., is a Florida For Profit Corporation with its principal place of business in Doral, Florida.

9.      Defendants are employers as defined by the laws under which this action is brought and employ the requisite number of employees.

2

## PROCEDURAL REQUIREMENTS

10.     Plaintiff has complied with all statutory prerequisites to filing this action.

11.     On April 24, 2020 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendants, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex, sexual harassment, sexual orientation, disability, and retaliation.

12.     Plaintiff's EEOC Charges were filed within three hundred days after the alleged unlawful employment practices.

13.     On September 30, 2020 the EEOC issued to Plaintiff his Notice of Right to Sue against Sun Holdings, Magic Burgers' parent company, upon request.

14.     This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15.     Plaintiff began his employment with Defendants in June 2019, and as of the date of filing this Complaint Plaintiff remains employed in a full-time position with Defendants as a General Manager.

16.     Plaintiff is a heterosexual male.

17.     Throughout Plaintiff's employment, Calvin Ayers, who is a homosexual male working under Plaintiff, subjected Plaintiff to sexual harassment by continuously sending Plaintiff text messages of obscene, sexually explicit images and videos.

18.     Plaintiff repeatedly rejected Mr. Ayers' unwanted sexual advances and disciplined Mr. Ayers in accordance with Defendants' progressive discipline protocol however, Mr. Ayers continued to sexually harass Plaintiff.

19.     Plaintiff called Arla Thibaudeau (District Manager) to report the sexual harassment, but she refused to respond to Plaintiff's calls. Plaintiff attempted to meet with Ms. Thibaudeau in person, but she refused to meet with Plaintiff.

20.     Plaintiff reported the sexual harassment to Ms. Thibaudeau via written letters, but she refused to take any remedial action.

21.     Instead, Ms. Thibaudeau ratified the conduct and threatened to terminate Plaintiff if Plaintiff further escalated his concerns.

22.     Ms. Thibaudeau even warned Plaintiff that she would terminate him if Plaintiff mentioned his protected complaint to Bob, Regional Manager.

23.     Defendants have a pattern and practice of discriminating against heterosexual males as evidenced by Ms. Thibaudeau failing to take remedial action when a male Manager, Thomas Vanorsdale, was physically assaulted and sexually harassed by female employee, Ashley Thorpe. In response to Mr. Vanorsdale's protected complaint, Ms. Thibaudeau issued Mr. Vanorsdale a baseless write up and ordered Mr. Vandorsdale to stop reporting Ms. Thorpe or he would be terminated. By contrast Ms. Thorpe remained employed and was not disciplined.

24.     On November 21, 2019, Plaintiff slipped and fell at work, worsening his degenerative disk disease and causing a rotator cuff tear in his shoulder. These physical conditions substantially limit Plaintiff's ability to lift heavy objects.

25.     Plaintiff's is able to perform the essential functions of his job with reasonable accommodations.

26.     At all times relevant to this action, Plaintiff has been a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

27.     Plaintiff filed for worker's compensation and took a brief medical leave for treatment.

28.     While on medical leave, Defendants locked Plaintiff out of the General Managers' WhatsApp group thread and removed Plaintiff from its system. This was not standard procedure.

29.     Plaintiff presented doctor's notes during his leave clearing him to work with light duty restrictions; however, Ms. Thibaudeau refused to accept the doctor's notes or otherwise engage in the interactive process forcing Plaintiff to remain out of work. Defendants also began interfering with Plaintiff's ability to get doctor's appointments through worker's compensation.

30.     When Ms. Thibaudeau refused to accept Plaintiff's doctor's notes, Plaintiff submitted them to Vice President Tim Furr.

31.     Plaintiff also reported the ongoing sexual harassment to Mr. Furr.

32.     Ms. Thibaudeau learned of Plaintiff's complaints to Mr. Furr and stated to Plaintiff that Plaintiff was trying to get her fired.

33.     In response to Plaintiff's protected escalations, Ms. Thibaudeau furthered the hostile work environment and retaliated against Plaintiff by forcing employees to write false statements and threatening to terminate anyone who corresponded with Plaintiff.

34.     Plaintiff attempted to discuss his restrictions in order to return to work, but Defendants refused to communicate with Plaintiff and engage in the interactive process as is required by the ADA.

35.     Plaintiff was cleared to return to work without restrictions starting October 8, 2020.

36.     Plaintiff returned to work, but experienced severe pain in his right shoulder when climbing a ladder.

37.     Plaintiff informed Mona Jackson (new District Manager) about the pain in his shoulder, but Ms. Jackson brushed off Plaintiff's concerns stating that it was in Plaintiff's head.

38.     The next day, Plaintiff's pain had worsened. Plaintiff informed Ms. Jackson that he was still in pain and would require medical attention if the pain did not cease.

39.     Plaintiff called his doctor and was instructed to go to the emergency room. Plaintiff went to the hospital after his shift, and doctors placed him on restrictions to not use his right arm until he was able to be evaluated by his treating physician.

40.     Plaintiff informed Marie Reyes (Risk Management/Loss Prevention) and Mr. Furr about his restrictions.

41.     Ms. Reyes responded by flatly stating that she was unable to accommodate the restrictions. Defendants refused to accommodate Plaintiff or engage in the interactive process as is required by the ADA.

42.     As of the date of filing this action, Plaintiff remains out of work due to Defendants' refusal to accommodate Plaintiff.

43.     Plaintiff has been damaged by Defendants' illegal conduct.

44.     Defendants' conduct was willful, wanton, and done with reckless disregard for Plaintiff.

45.     Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I:**
**Sex and Based Discrimination in Violation of Title VII**

46.     Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-45 above.

47.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex (male).

48.     Defendants are prohibited under Title VII from discriminating against Plaintiff because of his sex regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

49.     Defendants violated and continue to violate Title VII by unlawfully targeting and discriminating against Plaintiff based on his sex.

50.     Defendants intentionally discriminated and continue to discriminate against Plaintiff based on his sex.

51.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

52.     Defendants have and continue to engage in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II:
## Sexual Harassment in Violation of Title VII

53.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

54.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because he was subjected to sexual harassment.

55.     Defendants are prohibited under Title VII from subjecting Plaintiff to sexual harassment.

56.     Defendants violated and continue to violate Title VII by unlawfully targeting and sexually harassing Plaintiff.

57.     Defendants intentionally subjected Plaintiff to sexual harassment.

58.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not

limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

59.    Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count III:**
**Retaliation in Violation of Title VII**

60.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

61.    Plaintiff engaged in protected activity under Title VII while employed by Defendant.

62.    Defendants engaged in intentional retaliation against Plaintiff for his participation in protected activity.

63.    Defendants' conduct violated Title VII.

64.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

65.    Defendants have and continue to engage in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count IV:**
**Disability Based Discrimination in Violation of the ADA**

66.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

67.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendants.

68.    Plaintiff is able to perform the essential functions of his job with reasonable accommodations.

69.    Defendants are prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

70.    Defendants are required to engage in the interactive process to reasonably accommodate Plaintiff.

71.    Defendants violated and continue to violate the ADA by refusing to accommodate Plaintiff or engage interactive process and forcing Plaintiff to remain out of work due to his disability.

72.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not

limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

73.     Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count V:**
**Retaliation in Violation of the ADA**

74.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

75.     Defendants intentionally retaliated against Plaintiff for engaging in protected activity.

76.     Defendants' conduct violates the ADA.

77.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

78.     Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count VI:**
**Sex Based Discrimination in Violation of the FCRA**

79.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

80.    At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his sex (male).

81.    Defendants are prohibited under the FCRA from discriminating against Plaintiff because of his sex regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

82.    Defendants violated and continue to violate the FCRA by unlawfully targeting and discriminating against Plaintiff based on his sex.

83.    Defendants intentionally discriminated against Plaintiff based on his sex.

84.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

85.    Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count VII:**

**Sexual Harassment in Violation of the FCRA**

86.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

87.     At all times relevant to this action, Plaintiff was in a protected category under the FCRA because he was subjected to sexual harassment.

88.     Defendants are prohibited under the FCRA from subjecting Plaintiff to sexual harassment.

89.     Defendants violated and continue to violate the FCRA by unlawfully targeting and sexually harassing Plaintiff.

90.     Defendants intentionally subjected Plaintiff to sexual harassment.

91.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

92.     Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count VIII:**
**Handicap Based Discrimination in Violation of the FCRA**

93.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-45 above.

94.     Plaintiff is a qualified individual with a handicap under the meaning of the FCRA.

95.     Plaintiff is able to perform the essential functions of his job with reasonable accommodations.

96.     Defendants are prohibited under the FCRA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

97.     Defendants are required to engage in the interactive process to reasonably accommodate Plaintiff.

98.     Defendants violated and continue to violate the FCRA by refusing to accommodate Plaintiff or engage interactive process and forcing Plaintiff to remain out of work due to his disability.

99.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

100.    Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count IX:**
**Retaliation in Violation of the FCRA**

101.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-45 above.

102.    Plaintiff engaged in protected activity when he raised concerns about Defendants' discriminatory behavior.

103.    Defendants intentionally retaliated against Plaintiff for engaging in protected activity.

104.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

105.    Defendants' unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendants to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)      Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*